**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDULLAH MOHAMMED NASSER AL-FAKIH, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | Nos. 12-71397 <br> 12-73046 <br><br> Agency No. A096-151-972 <br><br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted June 16, 2016
San Francisco, California

Before: SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Abdullah Mohammed Nasser Al-Fakih petitions this Court for review of two

decisions of the Board of Immigration Appeals (the "Board"). In 2002, Al-Fakih

applied for asylum, withholding of removal, and relief under the Convention

Against Torture. An immigration judge ("IJ") denied his application, and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Board affirmed in a per curiam decision. Al-Fakih did not petition for review of that decision.

In 2011, Al-Fakih moved to reopen those proceedings, claiming that circumstances in Yemen had changed such that he was entitled to relief. The Board denied the motion and Al-Fakih petitioned our Court for review. While that petition was pending, Al-Fakih filed a second motion with the Board to reconsider its denial of the motion to reopen. The Board denied the motion to reconsider and Al-Fakih again petitioned for review. We have jurisdiction over the consolidated petitions under 8 U.S.C. § 1252(a), and we deny the petitions.

Our review is for abuse of discretion and is limited to those grounds explicitly relied upon by the Board. *Najmabadi v. Holder*, 597 F.3d 983, 986-87 (9th Cir. 2010); *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008).

### 1. Motion to Reopen

Although a petitioner typically must file a motion to reopen within 90 days of the final decision to be reopened, the time limit may not apply where the motion is "based on changed circumstances." 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). To prove changed circumstances, a petitioner must submit evidence that "is material and was not available and could not have been discovered or presented at the previous hearing . . . ." 8 C.F.R. § 1003.2(c)(3)(ii). The Board determined that Al-Fakih

2

could not prove changed circumstances because his evidence (1) was not sufficiently individualized and therefore not material, and (2) did not demonstrate a change in his ability to relocate elsewhere in the country.

Generalized evidence of ongoing political turmoil cannot, by itself, entitle a petitioner to relief. *Najmabadi*, 597 F.3d at 989. Al-Fakih failed to provide any evidence tying Yemen's increasingly violent civil struggles to his own expectation of future persecution, either by a rival family or the government. The Board did not abuse its discretion in denying the motion to reopen on this ground. *See id.*

With respect to internal relocation, the Board concluded that Al-Fakih failed to show changed circumstances because Al-Fakih's sons sent him a letter indicating that they had relocated to a new city in Yemen. It is the petitioner's burden to provide evidence of changed circumstances. *See* 8 C.F.R. § 1003.2(c)(1). There is no indication in the record that Al-Fakih's sons have been threatened since their relocation, nor is there any indication that Al-Fakih could not also relocate safely. The Board did not abuse its discretion.

Al-Fakih argues that the Board erred in its relocation analysis by failing to discuss explicitly each of the factors described in 8 C.F.R. § 1208.13(b)(3). But the regulation cautions that the "factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether

3

it would be reasonable for the applicant to relocate." *Id.* Thus, the Board has broad discretion when deciding whether relocation is possible; it need not discuss each factor individually. *See Najmabadi*, 597 F.3d at 990.

### 2. Motion to Reconsider

In his motion to reconsider, Al-Fakih primarily challenged the IJ's findings of fact and conclusions of law at the 2003 hearing. Any challenge to *that* decision, however, should have been made on petition for review of the Board's 2004 decision, which reviewed that IJ decision. But Al-Fakih did not petition for review of the Board's 2004 decision. Any motion to reconsider the 2004 decision is now time barred. 8 C.F.R. § 1003.2(b)(1). The Board did not abuse its discretion when it denied the motion to reconsider on this ground.

Al-Fakih also submitted new evidence in support of his motion to reconsider. Thus, the Board alternatively construed the motion as a motion to reopen. *Compare* 8 C.F.R. § 1003.2(b)(1) *with id.* § 1003.2(c)(1). The Board found that the new evidence suffered from the same deficiencies as did the evidence Al-Fakih submitted in support of his first motion to reopen: It merely addressed the existence of generalized civil strife in Yemen, without showing how those circumstances affected Al-Fakih's eligibility for relief. Thus, the Board

acted within its discretion to deny the motion as time barred for the same reasons that it denied Al-Fakih's first motion to reopen. 8 C.F.R. § 1003.2(c)(2).

### 3. Humanitarian Asylum

"Under the humanitarian exception, a victim of past persecution may be granted asylum even without a fear of related future persecution, if the applicant establishes . . . compelling reasons for being unwilling or unable to return because of the severity of the past persecution . . . ." *Mohammed v. Gonzales*, 400 F.3d 785, 801 (9th Cir. 2005) (citing 8 C.F.R. § 1208.13(b)(1)(iii)(A)). To be eligible for humanitarian asylum, the petitioner must show that he or she suffered past persecution on a protected ground. *See id.*

The Board construed Al-Fakih's argument for a grant of humanitarian asylum as a request for *sua sponte* reopening and denied the request. The Board "may at any time reopen . . . any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). This court, however, does not have jurisdiction to review the Board's denial of a motion to reopen *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002).[1]

---

[1] Because we lack jurisdiction to review the Board's refusal to reopen *sua sponte*, we cannot consider Al-Fakih's contention that the Board committed legal error in concluding that Al-Fakih did not suffer past persecution.

Al-Fakih argues that the Board misconstrued his motion, explaining that the motion never invoked the Board's authority to reopen a proceeding *sua sponte*. Even if the Board improperly construed Al-Fakih's request, however, the Board broadly rejected Al-Fakih's changed circumstances argument elsewhere in its decision. The Board stated that "[a]lthough the respondent also references ongoing political turmoil, civil strife, and terrorism in Yemen, he has not meaningfully explained how any of these ongoing issues are material to his eligibility *for the requested forms of relief*." That is, Al-Fakih's evidence was not sufficient to demonstrate changed circumstances as to *any* form of relief, including humanitarian asylum. His claim was therefore time barred. As explained above, this conclusion was not an abuse of discretion.

For the foregoing reasons, Al-Fakih's petition for review is

**DENIED.**